IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 2:24-CR-079 |
| DESMOND LAMAR BROWN, JR. | : | CHIEF JUDGE MORRISON |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Desmond Brown, Jr. is set for sentencing on February 11, 2025. For the reasons that follow, the United States requests that a sentence of imprisonment of six months be imposed which is at the bottom of the applicable sentencing guideline range. Such a sentence is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

As determined by the Probation Officer in this case, for his conviction for making a false statement during the purchase of a firearm, Brown has an initial offense level of 12. There are no enhancements and Brown is entitled to a two-level reduction for acceptance of responsibility which results in a final offense level of 10. With a criminal history category of I, this results in a final sentencing range of 6-12 months. There are no objections to these findings.

While the federal Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S.

1

at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1) the nature and circumstances of the offense and the history and characteristics of defendant;
(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Brown.

It is clear that Brown had significant difficulties during his childhood with limited resources within his family leading to evictions and unstable housing. It does appear that he would benefit from ongoing mental health treatment and he appears to have strong support from the Mother of his child. To his credit, Brown does seem to have done well while on Pretrial release (though he had two positive drug screens for marijuana. Until 2024, Brown had no criminal history and he does not score any criminal history points.

The circumstances of the instant offense are serious, though the gun purchased by Brown for the juvenile was not the direct cause of death, the use in the shooting up of a habitation could

also have had terrible consequences. Putting a firearm in the hands of a minor can only lead to a bad result.

Of greater concern to the undersigned, is the pending State of Ohio Aggravated Robbery offense (PSR ¶ 32). In that offense, Brown brandished a weapon while robbing a man at gunpoint. This offense occurred over 18 months after his straw purchase offense and suggests that Brown was also involving himself in additional criminal conduct. It is anticipated that Brown will soon plead guilty to this offense and that he will receive a sentence of some term of imprisonment.

Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of 6 months which is at the lowest end of the applicable guidelines range. The above-described circumstances suggest a sentence of this length is warranted under the sentencing guidelines. This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

**Conclusion**

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be an offense level of 10, criminal history category I, with a sentencing range of 6-12 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant Desmond Brown, Jr., be sentenced to a term of imprisonment of 6 months.

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney

    s/Kevin W. Kelley
    KEVIN W. KELLEY  (0042406)
    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 3rd day of February 2025, via the Court's electronic filing system (ECF) on counsel for defendant, Soumyajit Dutta.

                                              s/Kevin W. Kelley
                                              KEVIN W. KELLEY
                                              Assistant U.S. Attorney